UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRELL HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-01863-JAR |
| ) | |
| UGG AUSTRALIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Brendan Decker and Rachel Kyburz's Motion to Dismiss (Doc. 10). On October 20, 2016, Plaintiff filed this civil action in the Circuit Court for the City of St. Louis, Missouri, naming as defendants UGG Australia ("UGG"), Annette Nabaa, Decker, and Kyburz (Doc. 6). Her complaint asserts a single claim that Defendants violated the Missouri Human Rights Act ("MHRA"), see Mo. Rev. Stat. § 213.055, by discriminating and retaliating against her based on her race (Id.).

On November 23, 2016, UGG removed the case to this Court on the basis of diversity jurisdiction (Doc. 1). Plaintiff is a resident of Missouri (Doc. 6). In its notice of removal, UGG argues that, in determining whether the parties are completely diverse, the Court should not consider the citizenship of Defendants Decker and Kyburz—who apparently are Missouri citizens as well—because they were fraudulently joined in this action (Doc. 1).

On December 1, 2016, Defendants Decker and Kyburz filed the instant Motion to Dismiss, arguing that Plaintiff has failed to state a viable MHRA claim against them, and that they were fraudulently joined in this action (Docs. 10-11). On February 1, 2017, the Court

entered an Order, noting that Plaintiff had failed to timely respond to the Motion to Dismiss, and directing Plaintiff to show cause why the Court should not rule on the Motion without her response (Doc. 15 (citing E.D. Mo. L.R. 4.01)). On May 4, 2017, consistently with a stipulation by the parties, the Court dismissed Nabaa and Decker from this action with prejudice (Docs. 20-21). To date, Plaintiff has not filed a response to the Motion to Dismiss Decker and Kyburz, nor has she responded to the Court's show cause order. Upon review of the Motion to Dismiss and its supporting memorandum, the Court will grant the Motion in part and deny it part. The Court will deny the Motion as moot to the extent it seeks dismissal of Decker, as he is no longer a party to this action. The Court will grant the Motion to the extent it seeks dismissal of Kyburz because she was fraudulently joined as a defendant in this case. <u>Menz v. New Holland N. Am., Inc.</u>, 440 F.3d 1002, 1004 (8th Cir. 2006) (a resident defendant is fraudulently joined if there exists no reasonable basis in fact and law supporting a claim against her); <u>see also</u> Fed. R. Civ. P. 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Defendants Brendan Decker and Rachel Kyburz (Doc. 10) is **GRANTED IN PART AND DENIED IN PART as follows**. The Motion is **DENIED as moot** to the extent it seeks dismissal of Defendant Brendan Decker. The Motion is **GRANTED** to the extent it seeks dismissal of Defendant Rachel Kyburz.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Rachel Kyburz are **DISMISSED without prejudice**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of May, 2017.