# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERRELL HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-01863 JAR |
| UGG AUSTRALIA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Doc. 29.) The Defendant has responded in opposition (Doc. 31) and Plaintiff has replied (Doc. 34).

**I. Background**

On October, 20, 2016, Plaintiff filed suit in the Circuit Court of St. Louis County, Missouri, advancing a single count: "Race, Color and Retaliation Discrimination" in violation of the Missouri Human Rights Act. (Doc. 1-5 at PageID #: 28.) Plaintiff named as defendants Ugg Australia, Annette Todd Nabaa, Brandon Decker, and Rachel Kyburz. (*Id*. at PageID #: 15.) On November 23, 2016, Deckers Retail, LLC.—whom Plaintiff had misidentified as Ugg Australia—removed the suit to federal court on the basis of diversity jurisdiction. (Doc. 1.) Thereafter, the parties stipulated to the dismissal of Nabaa and Decker (Docs. 20, 21), and the Court granted Defendants' motion to dismiss Plaintiff's claim against Kyburz (Doc. 22). That left only Deckers Retail, LLC.

The Court issued a Case Management Order that set out, among other dates, a June 12, 2017 deadline for amendment of pleadings. (Doc. 25.) On that date, Plaintiff filed this Motion

to Amend Complaint, seeking to make three changes: (1) substitute the Defendant's correct name—Deckers Retail, LLC.—and remove from the caption the individual defendants who have been dismissed from the action; (2) separate her single claim into three separate counts—Racial and Color Discrimination; Racially Hostile Work Environment; and Retaliation for Complaining of Discrimination; and (3) add her "light black skin coloring" as an additional factor in the alleged discrimination. (Doc. 29-4.)

In its response, Defendant did not oppose the corrected parties nor the separation of Plaintiff's claims into individual counts, but argued that Plaintiff could not include her "light black skin coloring" because she did not mention it in her Charge of Discrimination and asserted that Plaintiff's hostile-work-environment claim was time-barred. (Doc. 31.)

In her reply, Plaintiff concedes that she had failed to include her "light black skin coloring" in her administrative filings and abandoned that change. (Doc. 34 at 2.) Still, she argued that she had sufficiently described her hostile-work-environment claim, that Defendant had expressly addressed it in writing before the action was filed, and that no prejudice would result from granting the Motion. (*Id*. at 2-6.)

**II.      Legal standard**

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the

burden of demonstrating the amendment would be unfairly prejudicial." *Nadist*, *LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

**III.      Discussion**

Defendant argues that Plaintiff's hostile-work-environment claim is time-barred and therefore futile. The Court disagrees.

Under the Missouri Human Rights Act, any lawsuit alleging employment discrimination must be filed "within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred." Mo. Ann. Stat. § 213.111.1. Defendant states that Plaintiff's employment ended on February 6, 2015 and that the Missouri Commission on Human Rights issued its notice of right to sue on July 27, 2016. (Doc. 31 at 5-6.) It argues that Plaintiff's June 12, 2017 Motion to Amend was filed after the expiration of both deadlines. (*Id.* at 6.)

However, under Rule 15(c)(1)(B), an amendment relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In this case, Plaintiff's Charge of Discrimination—filed with the Missouri Commission on Human Rights on July 17, 2015—describes "the hostile environment caused by [her manager's actions on] Halloween." (Doc. 34-2.) What is more, Defendant's response to the Charge of Discrimination sets out the required elements for a hostile-work-environment claim. (Doc. 34-4 at PageID #: 249.) The Court notes that while Defendant's letter frames the language as the elements of a "hostile work environment/harassment claim," the standard it puts forth comes directly from a Supreme Court

of Missouri opinion analyzing a hostile-work-environment claim. (*Id.* (citing *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo. 2009).)

Moreover, Defendant makes no argument whatsoever that the amendment would prejudice it. (*See* Doc. 31.) Nor could it; the motion to amend was made on the agreed-upon deadline, Defendant was clearly aware of the potential for a hostile-work-environment claim early on in the dispute, the parties are in the beginning stages of discovery, the facts giving rise to Plaintiff's harassment and discrimination claims—which are indisputably before the court—are the same as those that underpin the proposed hostile-work-environment claim, and the trial is still eleven months away. In short, the Court finds no compelling reason to deny leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket Plaintiff's Amended Complaint which was submitted as an attachment to its reply (Doc. 34-1).

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of September, 2017.